**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

INVENSAS CORPORATION,  )
            )
   Plaintiff,     )
            )
   v.       )  Civil Action No. 17-1363-MN-SRF
            )
SAMSUNG ELECTRONICS CO., LTD. )
and SAMSUNG AUSTIN    )
SEMICONDUCTOR, LLC,   )
            )
   Defendants.   )

**MEMORANDUM OPINION**

## I. INTRODUCTION

Presently before the court in this patent infringement action is the motion to stay pending

the resolution of two petitions for *inter partes* review ("IPR") filed by defendants Samsung

Electronics Co., Ltd. and Samsung Austin Semiconductor, LLC (collectively, "Samsung").[1]

(D.I. 36) For the following reasons, Samsung's motion to stay is denied without prejudice.

## II. BACKGROUND

On September 28, 2017, plaintiff Invensas Corporation ("Invensas") filed a complaint

against Samsung asserting infringement of United States Patent Numbers 6,232,231 ("the '231

patent") and 6,849,946 ("the '946 patent") (collectively, the "patents-in-suit"). (D.I. 1) Invensas

is the owner by assignment of the patents-in-suit. (*Id.* at ¶¶ 9-10) The patents-in-suit are entitled

"Planarized Semiconductor Interconnect Topography and Method For Polishing a Metal Layer

To Form Interconnect," and issued on May 15, 2001. (*Id.*) The patents-in-suit share a common

---

[1] Samsung Electronics America, Inc. joined in the IPR petitions. Samsung Electronics America, Inc. is not a party to the present litigation.

specification and are directed to planarizing or flattening the surface of an "interconnect topography" in an integrated circuit. ('231 patent, col. 1:8-14)

On January 29, 2018, the court entered a scheduling order, setting a fact discovery cutoff of February 1, 2019, an expert discovery cutoff of May 10, 2019, and a trial date of November 18, 2019. (D.I. 14) On February 20, 2018, the court entered a discovery stipulation permitting cross-use by the parties of all written discovery responses, document productions, and deposition testimony from a parallel action in the Eastern District of Texas, captioned *Invensas Corp. v. Samsung Electronics Co., Ltd. & Samsung Electronics America, Inc.*, C.A. No. 2:17-cv-670-RWS-RSP (E.D. Tex.) (the "Texas Action"). (D.I. 21) A *Markman* hearing was held in the Texas Action on August 22, 2018, and the deadline for completion of document production in the Texas Action passed on June 28, 2018. (D.I. 40, Ex. 6 at 3-4)

On July 13, 2018, Samsung filed petitions for IPR challenging the validity of all asserted claims of the patents-in-suit with the U.S. Patent and Trademark Office ("USPTO"). (D.I. 40, Exs. 13-14) The Patent Trial and Appeal Board ("PTAB") will release its institution decisions regarding Samsung's IPR petitions in February 2019. 77 Fed. Reg. 48,756, 48,757 (Aug. 14, 2012). If the PTAB institutes proceedings on Samsung's petitions, final decisions on the merits of the petitions will issue by February 2020. 35 U.S.C. §§ 316(a)(11), 326(a)(11).

In March and July 2017, the PTAB declined to institute IPR proceedings for the patents-in-suit based on petitions filed by Broadcom Limited. (D.I. 40, Exs. 9-10) The Broadcom petitions relied on different prior art combinations not cited in Samsung's petitions, although they relied on the same primary reference. (*Id.*, Exs. 11-14) Following the PTAB's rejection of Broadcom's IPR petitions regarding the patents-in-suit, the U.S. International Trade Commission ("ITC") issued a decision on June 30, 2017 finding the '946 patent valid over the same primary

references relied upon by Samsung in its IPR petitions, and infringed by over 2,100

semiconductor devices. (D.I. 40, Ex. 15)

## III. LEGAL STANDARD

A court has discretionary authority to grant a motion to stay. *454 Life Scis. Corp. v. Ion*

*Torrent Sys., Inc.*, C.A. No. 15-595-LPS, 2016 WL 6594083, at \*2 (D. Del. Nov. 7, 2016) (citing

*Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985)). Courts consider three

factors in deciding how to exercise this discretion: (1) whether a stay will simplify the issues for

trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date

has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from

any delay or allow the movant to gain a clear tactical advantage. *Id.* (citing *Advanced*

*Microscopy Inc. v. Carl Zeiss Microscopy, LLC*, C.A. No. 15-516-LPS-CJB, 2016 WL 558615,

at \*1 (D. Del. Feb. 11, 2016)).

## IV. DISCUSSION

After considering the three stay-related factors, the court denies Samsung's motion to

stay, without prejudice to renew the motion if and when the IPR petitions are instituted.

### A. Simplification of Issues for Trial

In support of its motion to stay, Samsung alleges that the PTAB is likely to institute

proceedings,[2] and the IPR proceedings will narrow the issues remaining for trial as asserted

---

[2] Samsung cites various statistics from the USPTO outlining the institution rate for IPR
proceedings, and the percentage of final written decisions published by the PTAB resulting in the
cancellation of claims. (D.I. 37 at 12; D.I. 38 at ¶ 5; Ex. B) In evaluating comparable statistical
data, the court in *Advanced Microscopy* observed, "[t]he more that the statistical likelihood of the
PTAB instituting review on any petition seems less like 'near certainty' and more like 'fair
probability,' the less reasonable it seems to stop a district court proceeding after it has started—
only to perhaps be required to start it up again later if the PTAB issues an unfavorable decision
to the petitioner." 2016 WL 558615, at \*2. Moreover, acceptance of a specific statistical
threshold as sufficient justification for a stay would abrogate the discretionary nature of the

claims are cancelled, narrowed, or invalidated. (D.I. 37 at 12-13) Samsung contends that, even

if the PTAB affirms the patentability of the claims, Samsung will be estopped from arguing that

those claims are invalid in the present litigation. (*Id.* at 13-14) Accordingly, Samsung argues

that a stay is appropriate to avoid burdening the parties and the court with complex discovery and

claim construction issues. (*Id.* at 14-15)

In response, Invensas argues that any simplification of issues for trial is speculative at

best prior to a decision by the PTAB on whether to institute IPR proceedings. (D.I. 39 at 6-7)

Specifically, Invensas contends that institution is unlikely where, as here, the IPR petitions are

based on a primary prior art reference previously considered and rejected by the PTAB and the

ITC. (*Id.* at 8) In addition, Invensas references a nearly identical motion filed by Samsung in

litigation before the Eastern District of Texas that was denied by the court, which concluded that

the six points of simplification cited by Samsung were "likely to be present in virtually every

case in which *inter partes* review has been sought challenging a patent owned by a non-

competing entity." (*Id.*)

Courts within this district have generally held that this factor weighs against a stay when

the PTAB has not yet decided whether to institute IPR proceedings. *See Copy Prot. LLC v.

Netflix, Inc.*, C.A. No. 14-365-LPS, 2015 WL 3799363, at *1 (D. Del. June 17, 2015) (quoting

*Freeny v. Apple Inc.*, 2014 WL 3611948, at *2 (E.D. Tex. July 22, 2014)); *see also Tessera

Advanced Techs., Inc. v. Samsung Elecs. Co., Ltd.*, 2018 WL 3472700, at *4 (E.D. Tex. July 19,

2018) ("It is now well established that this Court will not, barring exceptional circumstances,

grant a stay of proceedings for the mere filing of an IPR."). "[T]he ideal time" to file a motion to

---

inquiry. *See 454 Life Scis. Corp. v. Ion Torrent Sys., Inc.*, C.A. No. 15-595-LPS, 2016 WL
6594083, at *2 (D. Del. Nov. 7, 2016) (citing *Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d
58, 60 (3d Cir. 1985)).

stay is "shortly after the PTAB issue[s] its decision to proceed with a validity trial on all of the Asserted Claims." *454 Life Scis. Corp.*, 2016 WL 6594083, at *4. If the PTAB institutes Samsung's IPR petitions and Samsung renews its motion, "the simplification factor may be evaluated differently at that time." *Copy Prot.*, 2015 WL 3799363, at *1.

The Supreme Court's recent decision in *SAS Institute, Inc. v. Iancu* guarantees that the PTAB's decision to institute Samsung's petitions will be a "binary choice." 138 S. Ct. 1348, 1355 (2018). The PTAB, in deciding whether to institute an IPR, "cannot curate the claims at issue but must decide them all." *Id.* at 1353. With respect to each of Samsung's petitions, the PTAB will either issue a written decision addressing every challenged patent claim, or it will deny the petition to institute IPR proceedings. *Id.* at 1354 (quoting 35 U.S.C. § 318(a)).

If the PTAB declines to institute IPR proceedings in the instant case, Samsung may be precluded or estopped from asserting some invalidity defenses in the present litigation. *See Interface, Inc. v. Tandus Flooring, Inc.*, 2013 WL 5945177, at *5 (N.D. Ga. Nov. 5, 2013). However, Invensas' causes of action for infringement would still be viable under these circumstances, as would any of Samsung's affirmative defenses not raised in its petitions for IPR. *See Tessera*, 2018 WL 3472700, at *4 (denying Samsung's motion to stay after observing that Samsung's "six points of simplification . . . are likely to be present in virtually every case in which *inter partes* review has been sought challenging a patent owned by a non-competing entity."). Courts in this district disfavor a stay under these circumstances, in which the issues for trial may not entirely overlap with those to be reviewed by the PTAB. *See TruePosition, Inc. v. Polaris Wireless, Inc.*, C.A. No. 12-646-RGA-MPT, 2013 WL 5701529, at *5 (D. Del. Oct. 21, 2013) (holding that, "where other challenges, including § 112 arguments, are presented" in the litigation which will not be addressed in the IPR proceedings, "a stay is disfavored."). Given the

5

circumscribed efficiencies to be gained if the PTAB declines to institute IPR proceedings, consideration of the weight given to the issue simplification factor is appropriately reserved for a time following the PTAB's decision on whether to institute IPR proceedings, which will occur by February 2019.

The general statistical data on the PTAB's rates of institution does not alter the speculative nature of the efficiencies to be gained in this particular case by staying the litigation prior to the PTAB's decision on whether to institute proceedings. The record before the court reflects that both the PTAB and the ITC ruled in Invensas' favor and denied institution of IPR proceedings regarding the validity of the patents-in-suit after assessing the Takahashi reference, which was also identified as a primary reference in Samsung's pending IPR petitions. (D.I. 40, Exs. 9-10; 13-15) It remains to be seen whether Samsung's prior art combinations introducing new secondary references in conjunction with the previously-considered Takahashi reference are sufficient to convince the PTAB to institute IPR proceedings on Samsung's petitions.

As a practical matter, putting the case on hold until the PTAB decides whether to institute IPR proceedings is likely less efficient than continuing on track through claim construction and discovery. Delay is not favored in litigation. *See Copy Prot. LLC v. Netflix, Inc.*, C.A. No. 14-365-LPS, 2015 WL 3799363, at *1 (D. Del. June 17, 2015) ("[S]taying a case pending PTO review risks prolonging the final resolution of the dispute and thereby may result in some inherent prejudice to the plaintiff."); *see also TruePosition*, 2013 WL 5701529, at *5 ("[W]here the scope of the issues in litigation substantially exceeds the scope of the issues on review, a stay is disfavored."); *Tessera*, 2018 WL 3472700, at *3 (suggesting that Samsung's motion to stay the litigation "appear[s] to be yet another attempt to draw out these proceedings."). There is

nothing in the present record to suggest that engaging in fact discovery,[3] and going forward with the October 10, 2018 *Markman* hearing[4] pending action by the PTAB, will unusually tax or waste the resources of the parties.

### B. Stage of Proceedings

Turning to the second factor, Samsung alleges that discovery is in its early stages because, at the time the motion to stay was filed, claim construction briefing had not yet begun, document production was ongoing, and no party or party-witness depositions had been taken. (D.I. 37 at 10) In response, Invensas contends that the majority of discovery was completed as of September 18, 2018 in accordance with the parties' joint agreement to limit duplicative discovery with the parallel action in the Eastern District of Texas. (D.I. 39 at 9-10) Moreover, Invensas argues that its claim construction theories have been known since it served its claim charts in the parallel action in January 2018. (*Id.* at 9)

The court concludes that the status of the case weighs against a stay because fact discovery is substantially underway and claim construction briefing is complete. *See Copy Prot.*, 2015 WL 3799363, at *1 (denying motion to stay where "the parties have engaged in a substantial amount of discovery and are set to complete claim construction briefing shortly."); *TruePosition*, 2013 WL 5701529, at *4. The parties' stipulation to reuse discovery from the Texas Action establishes that the bulk of fact discovery in this action was completed by the September 18, 2018 fact discovery cutoff in the Texas Action. (D.I. 21 at § D; D.I. 40, Ex. 6 at

---

[3] As discussed in more detail at § IV.B, *infra*, fact discovery in the present case is substantially limited due to the unique circumstances of the case. Specifically, on February 20, 2018, the court entered a joint stipulation drafted by the parties agreeing to limit duplicative discovery with the parallel Texas Action. (D.I. 21 at § D)

[4] The *Markman* hearing is scheduled to go forward before Judge Noreika on October 10, 2018. (D.I. 58) Briefing on claim construction was completed on September 11, 2018. (D.I. 56; D.I. 57)

3) Consequently, staying the action for several months until the PTAB renders its institution

decision in February 2019 would not conserve significant resources.[5] *See Tessera*, 2018 WL

3472700, at *3 (E.D. Tex. July 19, 2018) (finding that "the stage of the case is not so early that

the stay would have no material effect on the district court proceedings; nor is the timing so late

that delaying a stay until such time as institution actually occurs would not save the Parties the

substantial expenses they would [incur] in the pretrial period and going to trial.").

## C.    Undue Prejudice or Tactical Advantage

The court, in assessing undue prejudice to the non-movant, may consider: (1) the timing

of the IPR request and motion for stay; (2) the status of the IPR proceeding; and (3) the

relationship of the parties. *454 Life Scis.*, 2016 WL 6594083, at *4 (citing *Neste Oil OYJ v.*

*Dynamic Fuels, LLC*, C.A. No. 12-1744-GMS, 2013 WL 3353984, at *2 (D. Del. July 2, 2013)).

The court concludes that first and third subfactors do not support a finding that Invensas will

suffer undue prejudice if the case is stayed. However, the second subfactor regarding the status

of the IPR proceeding weighs against the entry of a stay, particularly when considered in

conjunction with the other stay factors discussed at §§ IV.A and B, *supra*.

Finding support in cases granting stays where such IPR requests were filed within the

"one year statutory window" from commencement of the infringement suit, Samsung argues that

its IPR petitions, filed on July 15, 2018, and its motion to stay, filed on July 27, 2018, do not

---

[5] If Samsung files a renewed motion to stay following the issuance of the PTAB's decision on
institution, the facts relating to this factor will be balanced against the two remaining factors of
the analysis. Therefore, the court's conclusion that this factor weighs against a stay on the
present motion should not be construed as outcome-determinative of a potential renewed motion
to stay by Samsung. *See 454 Life Scis. Corp. v. Ion Torrent Systems, Inc.*, C.A. No. 15-595-LPS,
2016 WL 6594083, at * (D. Del. Nov. 7, 2016) (granting a motion to stay pending the PTAB's
final written decision in instituted IPR proceedings, despite acknowledging that "the parties have
produced a large number of initial disclosure documents and initial contentions.").

demonstrate tactical delay. (D.I. 37 at 5-6) Samsung notes that the litigation was filed on September 28, 2017. (*Id.* at 2) Invensas filed its infringement claim charts on June 1, 2018, a preceding step to Samsung's identification and selection of alleged invalidating prior art for each claim necessary to support its IPR petitions filed six weeks later. (*Id.* at 6) Samsung points to Invensas' timing in producing infringement theories and claim construction arguments in the instant case to defend the timing of its petitions for IPR. (D.I. 51 at 8) Samsung argues that Invensas could have sooner disclosed that it was relying on the same infringement theories and claim construction positions it asserted in the Texas Action, which would have enabled Samsung to file its IPR petitions earlier. (*Id.* at 1)

Invensas argues that it would be prejudiced by a stay. (D.I. 39 at 11-14) It contends that its positions on infringement and its claim construction theories were known to Samsung from the parallel litigation in Texas, therefore, Samsung had no excuse for delaying the filing of IPR petitions until ten months into the instant litigation. (*Id.* at 13-14) Moreover, Samsung was well aware of its petitioned invalidity references, having identified them in the Texas case three months before citing the same references in its IPR petitions. (*Id.*) Thus, Samsung could have filed its IPRs much earlier in the case, before the parties had expended significant resources.

Lastly, Invesas argues that IPR institution is unlikely based on published statistics that demonstrate lower probabilities of institution than the statistics presented by Samsung. (*Id.* at 12) The parties rely on the same statistics in support of their respective positions. (D.I. 38, Ex. B; D.I. 37 at 12; D.I. 39 at 7 n.6) In evaluating comparable statistical data, the court in *Advanced Microscopy* observed, "[t]he more that the statistical likelihood of the PTAB instituting review on any petition seems less like 'near certainty' and more like 'fair probability,' the less reasonable it seems to stop a district court proceeding after it has started—only to perhaps be

required to start it up again later if the PTAB issues an unfavorable decision to the petitioner."
2016 WL 558615, at *2. Moreover, acceptance of a specific statistical threshold as sufficient
justification for a stay would abrogate the discretionary nature of the inquiry. *See 454 Life Scis.
Corp. v. Ion Torrent Sys., Inc.*, C.A. No. 15-595-LPS, 2016 WL 6594083, at *2 (D. Del. Nov. 7,
2016) (citing *Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985)). For these
reasons, the court declines to give considerable weight to PTAB institution statistics in
conducting a stay analysis.

The court concludes that the first subfactor does not support a finding that Invensas will
suffer undue prejudice. Any "dilatory intent on the movant's part" in filing an IPR request
disfavors a stay. *454 Life Scis.*, 2016 WL 6594083, at *2. Invensas filed its complaint on
September 28, 2017. (D.I. 1) Samsung filed its IPR petitions on July 13, 2018, prior to the
expiration of the one-year statutory window. *See* 35 U.S.C. § 315(b). Samsung's petitions were
therefore timely. *See Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*, C.A. No.
12-1107-GMS, 2014 WL 1369721, at *3 (D. Del. Apr. 7, 2014) (concluding that defendants' IPR
petitions "were timely filed between eight months to exactly a year after [the plaintiff] served its
complaints"); *454 Life Scis.*, 2016 WL 6594083, at *4 (concluding that petitions filed "less than
six months into litigation and well within the one-year statutory window" did not result in
prejudice to the plaintiff). Consequently, this subfactor does not support a finding that Invensas
will suffer undue prejudice.

The second subfactor weighs against the entry of a stay due to the prejudice Invensas
would suffer if a stay were entered on the eve of the *Markman* hearing. Samsung filed the
motion to stay before the PTAB decided whether to institute proceedings on the IPR petitions.
As previously discussed at § IV.A, *supra*, it is speculative to assume that the PTAB will institute

10

proceedings. *See Advanced Microscopy*, 2016 WL 558615, at *2 (concluding that restarting litigation after the PTAB's decision not to institute proceedings does not promote efficiency). Samsung has not shown that staying the *Markman* proceeding after completion of briefing, based on the speculative assumption that the PTAB will decide to institute proceedings, will promote efficiencies for the parties or the court in this matter. This subfactor weighs against a stay.

Finally, courts hesitate "to grant a stay in a matter where the parties are direct competitors" and monetary damages can serve as an adequate remedy. *Id.* at *3; *see also Davol, Inc. v. Atrium Med. Corp.*, C.A. No. 12–958–GMS, 2013 WL 3013343, at *3 (D. Del. June 17, 2013); *ImageVision.Net, Inc. v. Internet Payment Exchange, Inc.*, C.A. No. 12–54–GMS–MPT, 2013 WL 663535, at *6 (D. Del. Feb. 25, 2013), *recommendation adopted*, 2013 WL 1743854 (D. Del. Apr. 22, 2013); *Cooper Notifications, Inc. v. Twitter, Inc.*, C.A. No. 09–865–LPS, 2010 WL 5149351, at *5 (D. Del. Dec. 13, 2010); *Textron Innovations, Inc. v. Toro Co.*, C.A. No. 05–486–GMS, 2007 WL 7772169, at *3 (D. Del. Apr. 25, 2007). Invensas does not contend that it directly competes with Samsung, but instead cites the parties' prior relationship and Samsung's history of using the patented technology in support of its contention that the subfactor should be weighed as neutral. (D.I. 39 at 14) This subfactor does not support a finding that Invensas will suffer undue prejudice if the court grants a stay.

Although the present record does not strongly support a finding of undue prejudice to Invensas, on balance, the court's analysis of this factor in conjunction with the simplification of issues for trial and the stage of the proceedings weighs against a stay. Therefore, Samsung's motion to stay is denied.

## V.   CONCLUSION

For the foregoing reasons, Samsung's motion to stay proceedings is denied. (D.I. 36) This Memorandum Opinion is without prejudice to renew an application to stay the case, if

warranted, following the institution of any subsequent IPR proceeding. An Order consistent with this Memorandum Opinion shall issue.

This Memorandum Opinion is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Opinion. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to ten (10) pages each. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

Dated: October 2, 2018

Sherry R. Fallon
United States Magistrate Judge